IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| LEAH CHURCHILL, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| ARS NATIONAL SERVICES, INC., | : | |
| Defendant. | : | |

## COMPLAINT

Leah Churchill, by her attorney Ray Johnson, for her claims against the Defendant states:

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiff, Leah Churchill, is a natural person now residing in Polk County, Iowa.

4.  Defendant, ARS National Services, Inc. (hereinafter, "ARS") is a debt collection agency that conducts business in Iowa.

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6.  Defendant is attempting to collect an alleged debt from Churchill on an alleged credit card account.

7.  Defendant has notified Churchill is represented by an attorney.  ARS repeatedly contacted Churhill's attorney with no legitimate purpose other than to harass Churchill or her attorney and to attempt to coerce Churchill to pay the alleged disputed debt.  ARS had repeatedly been informed that Churchill's position was there were valid defenses and counter-claims to the alleged debt and it would not be paid.  Nonetheless, ARS called Churchill's attorney on a regular basis.

8.  Some of the calls from ARS were from an auto dialer that was programmed to say that there was an "urgent message for Leah Churchill" when there was no urgency to the call.

9.  Churchill's attorney has repeatedly explained to ARS the status of the account.  Yet, ARS continues to call Churchill's attorney even though there is no new information regarding the account and nothing new to talk about.

### V. FIRST CLAIM FOR RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a. Defendants violated 15 U.S.C. § 1692(f)(5) by repeatedly contacting Plaintiff's attorney with the true purpose of causing legal expense to Churchill.

b. Defendants violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy or harass any person at the called number.

c. Defendants violated 15 U.S.C. § 1692(f) by engaging in unconscionable debt collection.

As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Ms. Churchill's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Ms. Churchill as alleged herein, ARS was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant was in violation of Iowa Code § 537.7103, including but not limited to:

a. Defendant violated Iowa Code § 537.7103(4)(e) by repeatedly contacting Plaintiff's attorney with the true purpose of causing legal expense to Churchill.

3

b.  Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy or harass any person.

c.  Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

d.  Defendant violate Iowa Code chapter 537 by engaging in unconscionable debt collection.

16.  As a proximate result of the unfair debt collection, Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A.  Actual damages;

B.  Statutory damages pursuant to 15 U.S.C. § 1692k.

C.  Statutory damages pursuant to Iowa Code § 537.5201(1).

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

E.  For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019

4

Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com